The Honorable Tom Wynne Prosecuting Attorney P.O. Box 231 Fordyce, AR 71742
Dear Mr. Wynne:
This is in response to your request for an opinion on the following questions:
 (1) What authority does a county coroner have to appoint deputy coroners?
 (2) Assuming there is that authority, what qualifications, if any, must deputy coroners possess to hold the position of deputy coroner? Must a deputy coroner reside in the county in which he serves?
 (3) Who has final say as to whether emergency medical treatment should continue or cease at a scene: a deputy coroner or emergency medical personnel?
In response to your first question, while a county coroner appears to have no specific statutory authority to appoint deputies, it is my opinion that, when certain conditions are met, he would nevertheless have authority to appoint a deputy coroner. Amendment 55, §§ 4 and 5 to the Arkansas Constitution and A.C.A. § 14-14-801 (1987) authorize the quorum court of each county to fix, by ordinance, the number and compensation of deputies and county employees, as well as the compensation of county officers. While these provisions would appear to authorize the quorum court to create the position of deputy coroner and fix the compensation, they would not appear to authorize that body to actually appoint an individual to the position. See Att'y Gen. Op. No. 87-312, relating to the appointment of deputy sheriffs, a copy of which is attached. The power to actually select or appoint a deputy coroner would appear to reside in the county coroner as the elected executive officer. Id. Assuming, then, that a specific appropriation of the quorum court exists for the position, see A.C.A. § 14-14-1203(a) (1987), and that the county coroner follows established employment procedures of the quorum court in doing so, it is my opinion that he may appoint a person to serve as deputy coroner. See also Venhaus v. Adams,295 Ark. 606, 752 S.W.2d 20 (1988).
With regard to your second question, no qualifications for the position of coroner or deputy coroner appear to have been established by law, other than the general requirements that he or she have no felony convictions, see Ark. Const., art. 5, § 9, and that all county officers must reside in their respective counties, see A.C.A. § 14-14-1306(a) (1987), which, in my opinion, would apply to both coroners and their deputies. See A.C.A. § 14-14-1301(a) (1987). Presumably, however, the quorum court might establish qualifications for the position of deputy coroner pursuant to its local legislative authority. See Ark. Const. Amend. 55, § 1. Such qualifications would appear to be valid and should be met by any appointee to the position, so long as they are not contrary to state law or otherwise unlawful. Id.
In response to your third question, the law does not appear to provide for who, between a deputy coroner and emergency medical personnel, makes the determination of whether to continue emergency medical treatment at a scene. This determination may depend upon the particular facts. It appears, however, that the question of continued treatment would most likely arise when death or stabilization was in issue. In either instance, it seems that emergency medical personnel would be better qualified to make the determination than the coroner, who has not necessarily undergone any medical training. See A.C.A. § 20-17-101(b) (1987) (a determination of death shall be made "in accordance with accepted medical standards.") Additionally, it seems that the coroner's responsibilities are generally triggered by the occurrence of a death, and are not related to actually determining that a death has occurred. See, e.g., A.C.A. §§20-18-601 and -604 (Cum. Supp. 1991), 16-83-101 et seq. (1987),20-15-502 (1987), and 27-53-204 (1987). In conclusion, it is my opinion that while cooperation between these two individuals would be preferred, if a disagreement about whether or not to continue emergency medical treatment at a scene cannot be resolved, the coroner should yield to the decision of emergency medical personnel on this issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CCT/WB:ch